**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLAUBER BROTHERS, INC. a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROMA COSTUMES, INC., a California corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-04425-MEMF (MARx)<br><br>**ORDER GRANTING IN PART DEFENDANT ROMA COSTUMES, INC.'S MOTION TO DISMISS THE COMPLAINT, OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT** |

Before the Court is Defendant Roma Costumes, Inc.'s Motion to Dismiss the Complaint, or, Alternatively, for a More Definite Statement. ECF No. 16. For the reasons stated herein, the Court hereby GRANTS Defendant Roma Costumes, Inc's Motion to Dismiss and DENIES the Motion for a More Definite Statement.

/ / /

/ / /

/ / /

/ / /

/ / /

**BACKGROUND**

I.  **Factual Background**[1]

Plaintiff Klauber Brothers, Inc. ("Klauber"), a New York corporation (Compl. ¶ 1), brings the instant suit against Defendant Roma Costumes, Inc. ("Roma"). Klauber "composed an original two-dimensional artwork for the purposes of lace production." (the "Subject Design"). *Id.* ¶ 9. Klauber registered the Subject Design with the United States Copyright Office under Registration Number VA 1-339-222. *Id.* ¶ 10.

Klauber "sampled and sold lace bearing the Subject Design to numerous parties in the fashion and apparel industries." *Id.* ¶ 11. "Following this distribution," Klauber found "certain entities within the fashion and apparel industries had misappropriated the Subject Design and were selling fabric and garments bearing illegal reproductions and/or derivations of the Subject Design." *Id.* ¶ 12. Specifically, "Roma and certain Doe Defendants[ ] created, sold, offered for sale, manufactured, caused to be manufactured, imported and/or distributed" products that infringed the Subject Design (the "Infringing Product")[2], including but not limited to "garments sold by Roma under Style 'Deadly Romance Lace Lingerie Set'"." *Id.* ¶ 13.

Plaintiff's Complaint provides an "exemplar" of the "Infringing Product":[3]

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] The following facts, which the Court assumes are true and construes any inferences arising from those facts in the light most favorable to Klauber, are derived from the Complaint. ECF No. 1 ("Complaint" or "Compl."); *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016) ("We must accept all well-pleaded material facts as true and draw all reasonable inferences in favor of the plaintiff").

[2] The Court adopts Klauber's definition of "Infringing Product," which although in the singular, is defined as covering multiple products.

[3] The Complaint does not specify whether the exemplar of the Infringing Product is the "Deadly Romance Lace Lingerie Set" or another, unnamed product.

| Subject Design | Exemplar of Infringing Product |
|---|---|
|  |  |

*Id.* at 4.

Klauber alleges the side-by-side comparison "make[s] apparent that the elements, composition, arrangement, layout, and appearance of the designs on the garments are substantially similar to the design at issue." *Id.* ¶ 15.

The Complaint alleges two causes of action against Roma and ten Doe Defendants: (1) Copyright Infringement and (2) Vicarious and/or Contributory Copyright Infringement. *Id.* at 1.

## II. Procedural History

Klauber filed its Complaint on June 28, 2022. ECF No. 1. On October 10, 2022, the parties filed a Joint Stipulation Extending Time to Answer the Complaint, extending Roma's responsive deadline to November 11, 2022. ECF No. 12.

On November 4, 2022, Roma filed the instant Motion to Dismiss the Complaint, or, Alternatively, for a More Definite Statement. ECF No. 16 ("Motion" or "Mot."). The hearing for the Motion was set on January 1, 2023. On its own motion, the Court continued the hearing three times, resulting in an ultimate hearing date of June 8, 2023. *See* ECF Nos. 18, 19, 23. The Motion was fully briefed. *See* ECF Nos. 20 ("Opposition" or "Opp'n"), 21 ("Reply"). The Court heard oral argument on June 8, 2023.

## I.     Legal Standard

### A.     Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6)[4], a party may file a motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).[5] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* While a complaint need not contain "detailed factual allegations," a plaintiff's obligations to provide the grounds of his entitlement to relief requires more than "[t]hreadbare recitals of the elements of a cause of action[.]" *Id.* at 678 (internal citations and quotations omitted). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When evaluating a complaint under Rule 12(b)(6), a court "must accept all well-pleaded material facts as true and draw all reasonable inferences in favor of the plaintiff." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

---

[4] Hereinafter, "Rule" shall refer to the Federal Rules of Civil Procedure unless otherwise stated.

[5] Surprisingly, Klauber argues that the Court should apply the "no set of facts" standard under *Conley v. Gibson*, 355 U.S. 41 (1957). Opp'n at 1-2. The Supreme Court abrogated *Conley*'s "no set of facts language" over a decade ago in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### B. Motion for a More Definite Statement

Under Rule 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A Rule 12(e) motion "is proper only where the complaint is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Comm. for Immigrant Rights of Sonoma Cty. v. County of Sonoma*, 644 F. Supp. 2d 1177, 1191 (N.D. Cal. 2009). "If the detail sought by the motion for more definite statement is obtainable through discovery, the motion should be denied." *Beery v. Hitachi Home Elecs. (Am.), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993).

## II. Discussion

### A. Copyright Infringement Claim

To state a copyright infringement claim, a plaintiff must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). In the absence of direct copying, a plaintiff must "plead facts plausibly showing either (1) that the two works in question are strikingly similar, or (2) that [the works] are substantially similar and that [Defendants] had access to the [Subject Work]." *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F. 3d 946, 952 (9th Cir. 2019) (internal quotations and citation omitted; bracketed text in original).

The parties do not contest ownership of a valid copyright,[6] and instead dispute whether Klauber has adequately alleged copying by either striking similarity or access and substantial similarity.

///
///
///

---

[6] To plead ownership, a plaintiff must plausibly allege it owns a valid copyright registration for its work. *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 951 (9th Cir. 2019). Here, Klauber alleges that it owns an "original two-dimensional artwork," which is registered with the United States Copyright Office under Registration No. VA 1-339-222. Compl. ¶¶ 9, 10. This suffices at the pleading stage. *See Label Lane*, 922 F.3d at 951-52.
5

**1. Klauber's Election to Present Side-By-Side Photographs Rather Than a Verbal Description of the Substantial Similarity is Not Grounds to Dismiss Its Complaint**

Before reaching the question of substantial similarity, the Court addresses Roma's arguments that Klauber's allegations do not meet *Twombly*'s plausibility standard. Specifically, Roma argues that Klauber fails to adequately plead substantial similarity because the Complaint does not identify the concrete elements in the Infringing Product are similar or identical to corresponding elements in the Subject Design. Mot. at 9-11.

In the Complaint, Klauber provides a side-by-side photo of the Subject Design and an exemplar of the Infringing Product and alleges the "above comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the designs on the garments are substantially similar to the design at issue." Compl. at 4, ¶ 15. This, Roma contends without citing any on-point case law, is insufficient. Mot. at 10. In its opposition, Klauber points to *Malibu Textiles, Inc. v. H&M Hennes & Mauritz, L.P.*, 668 F. App'x 800, 801 (9th Cir. 2016) and *McGucken v. Chive Media Group., LLC*, 2:18-cv-01612-RSWL-KS, 2018 WL 3410095 (C.D. Cal. July 11, 2018), asserting that both cases state that a plaintiff may plead similarity with references to photos of the works at issue. Opp'n at 8-9. Neither case is on point. In *Malibu Textiles*, a case that is not precedential, the Ninth Circuit held that Malibu Textiles could have cured the deficiencies in its allegations concerning striking or substantial similarity by describing the pattern's protectable elements, identifying those same elements in H&M's garment "*perhaps with reference to photos showing a side-by-side comparison of the works*." 668 F. App'x at 801. Nowhere does the court state that photos alone are sufficient to plead substantial or striking similarity. In *McGucken*, the defendant did not contest substantial similarity but argued that the plaintiff's allegations, which were based on information and belief, were insufficient. 2018 WL 3410095, at *3. The court disagreed and found that the plaintiff's allegation that the defendant copied the plaintiff's work was supported by a side-by-side comparison of the works. *Id.*

Here, the works at issue involve delicate and difficult-to-describe lacework. Klauber alleges that Roma's Infringing products "bear[ ] artwork identical to or substantially similar to the Subject

1  Design," and Roma's products feature "segments of lace incorporating at least a portion" of the
2  Subject Design. Compl. ¶¶ 13, 14. Klauber supports these assertions with a photo of an allegedly
3  infringing product. Compl. at 4. The allegations including the photograph meet the pleading
4  requirement, and the Court declines to adopt Roma's argument that Klauber must describe, in words,
5  the similar or same elements between the Subject Design and exemplar of the Infringing Product.
6  Accordingly, the Court DECLINES to grant the Motion to Dismiss on this ground.

### 2.  Roma Has Failed to Establish a Lack of Substantial Similarity

In assessing the similarity between works, the Ninth Circuit has adopted a two-part analysis consisting of the extrinsic and intrinsic tests. *Label Lane*, 922 F.3d at 952. At the pleading stage, a court applies the extrinsic test, which "is an objective comparison of specific expressive elements" that "focuses on the articulable similarities between the two works." *Id.* (internal quotation marks and citation omitted). The extrinsic test consists of two steps. First, the court filters out unprotectable elements of the plaintiff's work and determines whether the remaining protectable elements are entitled to "broad" or "thin" copyright protection. *Id*. Second, the court compares the protectable elements of the plaintiff's work to the corresponding elements of the defendant's work and assesses the similarities in the objective details of the works. *Id.* at 953. There is no "hard-and-fast rule . . . to guide [the court's] determinations that will necessarily turn on the unique facts of each case. *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1121 (9th Cir. 2018), *overruled on other grounds by Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020).

Roma argues that the side-by-side comparison of the Subject Design and the exemplar of the Infringing Product demonstrates that substantial similarity does not exist. Mot. at 11-12.

The Subject Design consists of two sides of semi-circles with a closed flower bud arranged in the center to form a heart-like shape and delicate lace background. There are a series of five petals atop each semi-circle. The petals have a transparent center consisting of delicate lacework with opaque bordering and light fringe at the very top. The sides are separated by a ladder design that runs down the middle.

Under the first step of the extrinsic test, the Court filters out the Subject Design's unprotectable elements. The idea of a floral pattern depicting petals and closed buds is not

1    protectable. *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F. 3d 841, 850 (9th Cir. 2012).
2    "However, [Klauber's] original selection, coordination, and arrangement of such elements is
3    protectable." *Id.* "Because there is a wide range of expression for selecting, coordinating, and
4    arranging floral elements in stylized fabric designs, copyright protection is broad, and a work will
5    infringe if it's substantially similar to the copyrighted work." *Id.* (citation omitted).

6          Next, the Court compares the protectable elements of Klauber's Subject Design to the
7    corresponding elements of the exemplar of the allegedly Infringing Product and assesses the
8    similarities in the objective details of the works. The Court's comparison of the exemplar of the
9    Infringing Product and Subject Design reveals objective similarities in protectable elements. Both
10   products feature a series of semi-circles with intricate lace backgrounds and a closed flower bud
11   resembling a heart in the center. There are also thin lines connecting the closed bud to five petals
12   bordering each semi-circle. The petals feature a transparent center with a heavy, opaque lace border
13   and a fringe border. Essentially, the exemplar of the Infringing Product includes similar elements
14   that are arranged in a near-identical fashion to one side of the Subject Design.

15         Roma argues that the side-by-side comparison fails to demonstrate substantial similarity
16   because of the many differences between the Subject Design and the exemplar of the Infringing
17   Product. For example, Defendant argues that "the Subject Design contains two sides of semi-circle
18   patterns separated by a ladder-like segment down the middle of the design, while the [exemplar of
19   the Infringing Product] contains only one side of semi-circle patterns and does not have any such
20   ladder-like design in the middle." Mot. at 12. However, "no plagiarist can excuse the wrong by
21   showing how much of his work he did not pirate." *Sheldon v. Metro-Goldwyn Pictures Corp.*, 81
22   F.2d 49, 56 (2d. Cir. 1936). That Roma only took half of the design does not necessitate a finding
23   that the works are not substantially similar. Defendant also argues that in the exemplar of the
24   Infringing Product, the semi-circle mounds are shorter in height; the flower petals are smaller,
25   compact, and less rounded; and the fringes are closer together. Mot. at 12. However, these minor
26   differences do not negate a finding of substantial similarity. *See Label Lane*, 922 F.3d at 953-54 (To
27   be sure, the pictures do show some minor differences between the Subject Work and Defendants'
28   works . . . But a rational jury could find that these differences . . . are inconsequential . . . [or]

knowing modifications, which could be evidence of willful copying." (internal quotations and citations omitted).

Accordingly, the Court DECLINES to grant the Motion to Dismiss on this ground.

The Court notes that the photograph of the exemplar of the Infringing Product is not as clear or sharp as the photograph of the Subject Design. As discussed below, the Court will order Klauber to amend the Complaint to provide a clearer photograph. Accordingly, the Court's denial of the Motion to Dismiss on this ground will be without prejudice to Roma raising the issue again should Klauber produce a clearer photograph which alters the side-by-side analysis.

### 3. Klauber Has Failed to Properly Plead Representative Infringement

Roma also argues Klauber's failure to allege any detail concerning the "exemplar" of the purported infringing products is fatal to Klauber's claims because, without these details, Klauber has failed to plead that there is substantial similarity between the Subject Design and Roma's allegedly infringing products. Mot. at 11-12. Klauber argues that its allegations provide Roma fair notice of the basis of Klauber's copyright infringement claim and Klauber need not "specify each and every instance of infringement. Opp'n at 2 (quoting *Blizzard Ent., Inc. v. Lilith Games (Shanghai) Co. Ltd.*, 149 F. Supp. 3d 1167, 1175 (N.D. Cal. 2015).

Due to the "ever-shifting nature of the Internet," courts have recognized that, for violations unfolding in cyberspace, the "complaint might have to catalog dozens, or thousands, of instantiations to capture the full range of alleged infringements. To avoid unwieldiness, courts have approved a complaint that simply alleges representative acts of infringement, rather than a comprehensive listing." 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 12.09[A][2] (Matthew Bender, Rev. Ed. 2022); *see also Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 3d 1114, 1120 (C.D. Cal. 2001). District courts in the Ninth Circuit have extended this tenet to contexts

outside of cyberspace.[7] In such situations, "[t]he question thus boils down to whether or not [the defendant] has fair notice of the allegations against it." *Cybernet Ventures*, 167 F. Supp. 2d at 1121.[8]

Here, Klauber failed to properly plead representative infringement because it only makes general, conclusory allegations that Roma "created, sold, offered for sale, manufactured, caused to be manufactured, imported and/or distributed fabrics and/or garments incorporating fabric that bears artwork identical to or substantially similar to the Subject Design." Compl. ¶ 13. This broad allegation and the side-by-side comparison, in the absence of any allegation that the infringing products *all* incorporate the same or similar portion of the Subject Design as the exemplar, fail to apprise Roma or the Court of which of Roma's products, except for the Deadly Romance Lace Lingerie Set, are at issue. As Klauber's own cited case recognizes, assuming dozens of products are at issue, "a plausible claim would require that Plaintiff[ ] submit a *representative sampling* of infringed content, pleading infringement with the level of detail required by the Ninth Circuit[.]" *Blizzard Ent.*, 149 F. Supp. 3d at 1175 (emphasis added). Klauber has failed to do so.

Klauber points to *Friedman v. Live Nation Merchandise, Inc.* in support of its argument that it cannot identify all of Roma's products that infringe the Subject Design because those facts are solely within Roma's possession. Opp'n at 6 n.3. However, *Friedman* is inapposite as it concerns direct state of mind evidence—which, by definition, is solely in the possession of the defendant. *Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1189 (9th Cir. 2016). Which of Roma's products infringe the Subject Design is not information that is solely within the possession of defendant. By definition, identifying the infringing products is the basis of the claims and must be pleaded with specificity.

/ / /

/ / /

---

[7] *See, e.g., Warner Bros. Ent. Inc. v. Random Tuesday, Inc.*, 2020 WL 12762735, at *12-*13 (C.D. Cal. Nov. 9, 2020) (application of representative acts of infringement in a copyright infringement case concerning the *Harry Potter* films).

[8] Although *Perfect 10* was decided before *Twombly*, the logic holds – a plaintiff must only plausibly plead a case for copyright infringement. Plausibility does not require that a plaintiff plead every act of infringement.

4. **Access**

Proof of access requires an opportunity to view or to copy the plaintiff's work." *Three Boys Music Corp. v. Bolton*, 212 F. 3d 477, 482 (9th Cir. 2000) (internal quotations and citation omitted). "This is often described as providing a 'reasonable opportunity' or 'reasonable possibility' of viewing the plaintiff's work," that is, "more than a 'bare possibility.'" *Id.* (citation omitted). "Access may not be inferred through mere speculation or conjecture." *Id.* Circumstantial evidence of access includes "(1) a particular chain of events is established between the plaintiff's work and the defendant's access to that work (such as through dealings with a publisher or record company), [and] (2) the plaintiff's work has been widely disseminated." *Id.*

Roma argues, and the Court agrees, that Klauber has failed to adequately allege that Roma had access to the Subject Design. Mot. at 6-9. Specifically, Klauber alleges that Roma had access to the Subject Design in the following ways:

> (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples; and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Plaintiff for its customers.

Compl. ¶ 17.

At this stage, Klauber is not required to provide detailed factual allegations. . *Iqbal*, 556 U.S. at 678. These allegations, therefore are sufficient.

With respect to its allegation of widespread dissemination, Klauber alleges that "[p]rior to the acts complained of herein, Plaintiff sampled and sold lace bearing the Subject Design to numerous parties in the fashion and apparel industries." Compl. ¶ 11. Roma asserts that notably absent are details concerning *when*, *to whom*, and in *what quantities* Klauber sampled and sold lace bearing the Subject Design, but at the motion to dismiss stage, those details are not required.

Thus, Klauber's allegations are sufficient to support a reasonable possibility that Roma had access to the Subject Design due to "widespread" dissemination. Accordingly, the Court DECLINES to grant the Motion to Dismiss on this ground.

/ / /

/ / /

#### 5. Striking Similarity

Because Klauber has adequately alleged access and substantial similarity with respect to the exemplar of the Infringing Product, it need not plead striking similarity. But given the Court's determination regarding representative infringement, out of an abundance of caution, the Court will address the parties' arguments regarding striking similarity. In lieu of pleading access, a plaintiff may plead striking similarity. *See Label Lane*, 922 F.3d at 953. "Two works are strikingly similar when the similarities between them are so great that they are highly unlikely to have been the product of independent creation." *Id.* (internal quotations and citation omitted). "Striking similarity is a high bar." *Briggs v. Blomkamp*, 70 F. Supp. 3d 1155,1167 (N.D. Cal. 2014). "The similarities should be sufficiently unique or complex as to make it unlikely that both pieces were copied from a prior common source, . . . or that the defendant was able to compose the accused work as a matter of independent creation." *Stewart v. Wachowski*, 574 F. Supp. 2d 1074, 1103 (C.D. Cal. 2005).

At this stage, the Court finds that the Subject Design and exemplar of the Infringing Product are not strikingly similar. Although the works contain common elements, they are not virtually identical, and their similarities are not "sufficiently unique or complex as to make it unlikely that both pieces were copied from a prior common source[.]" *Id.*

### B.  Secondary Liability Claims

Klauber also alleges two theories of secondary liability: contributory infringement and vicarious infringement.[9]

"Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party." *A&M Records, Inc. v. Napster, Inc.*, 239 F. 3d 1004, 1013 n. 2 (9th Cir. 2001). Roma first argues that Klauber's failure to name direct, third-party infringers is a ground for dismissal of both theories of secondary liability. Mot. at 14-15. Klauber does not address this argument. Opp'n at 14. Even setting aside Klauber's failure to name direct, third-party infringers, the Complaint is deficient as to the secondary liability claims because Klauber fails to adequately plead

---

[9] Plaintiff's Complaint lumps contributory and vicarious copyright infringement into one cause of action. Compl. at 6. However, these are two distinct theories of secondary liability. *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 591 F. Supp. 2d 1098, 1103 n. 6 (N.D. Cal. 2008).

third-party direct infringement.[10] To allege third-party direct liability, Klauber must adequately plead (1) ownership of the alleged material and (2) that the third-party "violate[d] at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *A&M Records*, 239 F.3d at 1013. Here, the Complaint fails to adequately plead the second prong, as Klauber does not adequately allege *how* any third-party violated any exclusive right Klauber had as a copyright holder. For example, Klauber points to the "Deadly Romance Lace Lingerie Set," which it alleges was "made by or on behalf of Roma." Compl. ¶ 13. Nowhere does Klauber allege that any third-party manufactured or designed the "Deadly Romance Lace Lingerie Set." *See generally id.* Simply put, the ambiguity is the result of an absence of allegations plausibly suggesting that direct-third party infringement occurred, rendering the Complaint insufficient under *Twombly*.[11]

Although the Court grants Roma's Motion as to secondary liability, the Court will evaluate the sufficiency of Klauber's allegations for both contributory and vicarious infringement so that Klauber may remedy any identified deficiencies.

Klauber also fails to adequately plead the requirements elements for both contributory and vicarious infringement. To state a claim for contributory infringement, a plaintiff must allege facts showing that a defendant: "(1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement." *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 745 (9th Cir. 2019) (internal quotations and citation omitted); *Perfect 10, Inc. v. Visa Intern. Service Ass'n*, 494 F.3d 788, 796 (9th Cir. 2007). Here, Klauber alleges that:

---

[10] Klauber names Doe Defendants as the alleged third-party direct infringers. Although Doe pleading is generally improper, the Court recognizes that situations may arise "where the identity of the alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants[.]" *Gillespie v. Civiletti*, 629 F. 3d 637, 642 (9th Cir. 1980); *see also Ticketmaster L.L.C. v. Prestige Ent. W., Inc.*, 315 F. Supp. 3d 1147,1157-58 (C.D. Cal. 2018). However, Klauber does not provide sufficient factual detail for the court to ascertain if its situation is like that in *Ticketmaster*. The Court need not decide whether Klauber's use of Doe pleading adequately identifies third-party direct infringers because it finds that Klauber does not adequately plead third-party direct infringement.

[11] Plaintiff again repeats its argument that the facts concerning this issue are in Roma's exclusive control, citing *Friedman*. The Court is not persuaded by this argument considering Plaintiff's drafting of the Complaint, which does not delineate Roma's role in the alleged network of infringement but lumps all Defendants together.

13

> Plaintiff is informed and believes and thereon alleges that Defendants had direct oversight or involvement in the sourcing of materials for and manufacture of the Infringing Product and thus knew, induced, caused, or materially contributed to the infringement of Plaintiff's rights as alleged herein.

Compl. ¶ 25.

Klauber's allegations fall short of plausibly alleging that Roma or any of the unnamed Defendants knew of each other's infringement and either materially contributed to or induced that infringement. For example, a Defendant that simply sold lace to another Defendant does not necessarily know that the purchaser will use that lace to make artwork infringing the Subject Design.

Similarly, Klauber also fails to adequately plead vicarious infringement. To state a claim for vicarious infringement, a plaintiff must allege that the defendant "has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." *VHT*, 918 F.3d at 746 (9th Cir. 2019). As with its contributory infringement claim, the Complaint offers no more than terse legal conclusions. For example, concerning oversight, Klauber alleges that:

> Plaintiff is informed and believes and thereon alleges that Defendants had direct oversight or involvement in the sourcing of materials for and manufacture of the Infringing Product and thus knew, induced, caused, or materially contributed to the infringement of Plaintiff's rights as alleged herein . . . Plaintiff is informed and believes and thereon alleges that each of the retailer Defendants had written agreements with Roma such that *each retailer Defendant had oversight and control over the sourcing of laces affixed to the Infringing Products.*

Compl. ¶¶ 25-26 (emphasis added).

The allegations state that the unnamed Defendants had the right and ability to supervise the infringing conduct, not Roma. Without any plausible allegations that Roma had the right to direct and oversight any third-party's conduct, Klauber fails to plead a vicarious infringement claim against Roma.

Thus, Klauber has failed to adequately plead its secondary liability claims. If Klauber elects to file an amended complaint asserting these claims, the Court ORDERS Klauber to separate the two claims into separate causes of action. *See Bautista v. Los Angeles County*, 216 F.3d 837, 840-41 (9th Cir. 2000) (separate counts may be required if necessary to enable the defendant to frame a responsive pleading or to enable the court and other parties to understand the claims); *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 591 F. Supp. 2d 1098, 1103 n. 6 (N.D. Cal. 2008)

(contributory and vicarious infringement are distinct theories of secondary liability); Fed. R. Civ. P. 10.

### C. Leave to Amend

Under Rule 15(a), leave to amend "shall be freely given when justice so requires." *Lopez v. Smith*, 203 F.3d 11222, 1127 (9th Cir. 2000). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130. Thus, leave to amend is denied only where allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

It appears that Klauber may be able to plead additional facts to address the deficiencies identified. Accordingly, the Court will grant Klauber leave to cure the above-identified deficiencies in their claim.

### D. Motion for More Definite Statement

Roma argues that its motion for a more definite statement should be granted because the photo of Infringing Exemplar "is so blurry and unclear that it is not reasonably possible for Defendant to prepare an adequate response." Mot. at 5. Roma also argues that the Complaint is vague and ambiguous because the Complaint fails to identify the infringing garments other than the Deadly Romance Lace Lingerie Set. *Id.* at 5.

Given that the Court granted Roma's motion to dismiss in part, it need not reach Roma's request for a more definite statement with respect to identifying infringing garments other than the Deadly Romance Lace Lingerie Set. However, the Court will address the request for clearer photos. The Court notes that the photograph of the exemplar of the Infringing Product is considerably less clear and sharp that the photograph of the Subject Design. Even though the Court was able to describe the similarities between the two and Roma was able to point out intricate differences between the Subject Design and exemplar, *see, e.g.,* Mot. at 12 ("Moreover, the gaps in the lace of the Garment are sharp in the shape of diamonds and triangles, while the shapes in the Subject Design are all rounded."), the Court finds that Roma is somewhat hampered in its ability to persuade the

Court that the two products are not substantially similar at this stage. For this reason, the Court GRANTS the request for a clearer photo. Klauber is ordered to amend its Complaint to provide a photograph of the exemplar of the Infringing Product (and any additional products that it alleges are infringing) that is at least the same level of resolution as that of the photograph of the Subject Design that was provided in the original Complaint.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss in part. The Court also grants Plaintiff's request for leave to amend and ORDERS Plaintiff to file an amended complaint within thirty (30) days of this Order.

**IT IS SO ORDERED**.

Dated: June 7, 2022

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge